UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

DEMAREST FLOWERS,

    Plaintiff,

    -against-                                            08 Civ. 8799 (CM)

CITY OF NEW YORK (DOCS), RIKERS
ISLAND and CAPTAIN JONES,

    Defendants.

----------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/09

### MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

McMahon, J.:

Plaintiff, appearing pro se, sues the City of New York[1] and Captain Jones, a corrections officer who works at the City Correctional Facility on Rikers Island, alleging that his constitutional rights were violated in two ways while he was a pre-trial detainee. The complaint (which is admittedly difficult to decipher) alleges that plaintiff was kept in administrative segregation for four months without a disciplinary hearing, and that he was subjected to cruel and unusual punishment when he injured his ankle after slipping in a shower.

From the face of the complaint, it is clear that plaintiff failed to exhaust his administrative remedies by filing grievances about either incident. Plaintiff admits as much. (Compl. ¶ II(B)). His excuse is that he was transferred from Rikers Island to the Adirondacks Correctional Facility, where he is currently serving his sentence, and so was

---

[1] Where a City agency is sued (in this case, the Department of Correctional Services), the proper defendant is the City itself, not the agency. Rikers Island is a place, and so cannot be sued.

unable to file a grievance in accordance with Department of Correctional Services ("DOCS") procedures.

Defendants move to dismiss the complaint for failure to exhaust administrative remedies. The relevant facts (all taken from the complaint) are as follows:

In late February 2008, a corrections captain named Jones ordered plaintiff handcuffed, and then brought him to the housing unit used for administrative segregation. Plaintiff remained in administrative segregation from that day until he was transferred to the Adirondacks Correctional Facility on June 4, 2008.

During the period when he was in administrative segregation, on or about April 21, 2008, plaintiff fell in the shower room and hurt his foot. X-rays of his ankle and foot "conclude a bone spur." He has filed a Notice of Claim with the City with respect to this incident.

All these allegations are presumed true for purposes of this motion.

**The Instant Motion: Procedural History**

Defendants moved to dismiss the complaint on February 4, 2009. Plaintiff never responded to the motion.

On or about July 30, 2009, the Court received a letter from counsel for defendants. Counsel indicated that no opposition had been filed to defendants' motion to dismiss, which was made on February 4, 2009, and asked that the Court consider the motion as fully submitted. Counsel also wanted the motion to be "granted as unopposed," but the Court is required to assess the merits of the motion; a non-meritorious motion should not be granted simply because no opposition was filed.

The Court scrawled "deem motion submitted and decide" on the top of the letter. Someone erroneously assumed that this constituted a decision on the motion, and on August 10 the Clerk's Office entered what must be the strangest "judgment" ever to appear on the docket of this Court: "ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Memo Endorsed Order Dated July 30, 2009, the motion is deemed fully submitted and decided." The Clerk then closed the file. Only after receiving a request from plaintiff (via the Pro Se Office) asking for leave to file a Notice of Appeal out of time did the Court see this remarkable "Judgment." It was promptly vacated, and I held a conference call with plaintiff and the Assistant Corporation Counsel assigned to the case, in order to reconstruct the file.

The City's letter notwithstanding, plaintiff contended during the conference call that he had submitted an opposition to the motion. The Court has checked with its Pro Se Office (though which all papers filed by pro se parties are supposed to pass), and that office has no record of receiving any opposition papers. Nothing appears on the docket. I asked the Assistant Corporation Counsel to check her files again and she has since confirmed that the City was never served with any opposition papers. I am therefore deciding the motion on default.[2]

**Standards on a Motion to Dismiss**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must liberally construe all claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Cargo Partner AG v.

---

[2] The reader is referred to the Court's order of October 15, 2009 for a fulsome discussion of why plaintiff's statement that he served responsive papers (which no one appears to have received) is open to serious question.

Albatrans, Inc., 352 F.3d 41, 44 (2d Cir. 2003); see also Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545 (internal quotation marks, citations, and alterations omitted). Thus, unless a plaintiff's well-pleaded allegations have "nudged [its] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." Id. at 570; Iqbal, 129 S. Ct. at 1950-51.

Despite this recent tightening of the standard for pleading a claim, complaints by pro se parties continue to be accorded more deference than those filed by attorneys, Erickson v. Pardus, 551 U.S. 89, 127 (2007). So Twombly and Iqbal notwithstanding, court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests. Weixel v. Bd. of Educ., 287 F.3d 138, 146 (2d Cir. 2002).

**Plaintiff Has Failed to Exhaust Administrative Remedies**

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), provides:

> No action shall be brought with respect to prison conditions
> under section 1979 of the Revised Statues of the United States
> (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined
> in any jail, prison, or other correctional facility until such administrative
> remedies as are available are exhausted.

The United States Supreme Court has ruled that this rather straightforward statute means what it says: the filing of an administrative complaint prior to bringing suit is mandatory, and the rule applies to "all inmate suits about prison life, whether they involve general circumstances of particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Although an inmate is not required to allege that he has exhausted his administrative remedies in his complaint, dismissal for failure to state a claim is appropriate where, on the face of the complaint, plaintiff states that he did not exhaust. Jones v. Bock, 549 U.S. 199, 215 (2007).

Since plaintiff admits in his pleading that he never filed a grievance concerning either his administrative detention or the shower incident, it would appear that his complaint fails to state any claim on which relief could be granted.

However, in this Circuit, prisoners who do not exhaust because they are prevented from doing so do not lack access to the courts. Plaintiff apparently contends that he was prevented from filing a grievance at the City facility where the transgressions occurred because he was transferred to State custody to commence serving his sentence.

Yet transfer from City to State custody does not obviate the inmate's duty to exhaust his administrative remedies by complying with the City Department of Correction's Inmate Grievance Resolution Program (of which this Court takes judicial notice, see New York City DOC Directive #3375R-A) – at least where an inmate has sufficient time to pursue administrative remedies in the facility where the incident

complained of took place. Barry v. Kerik, 355 F. 3d 85, 86-88 (2d Cir. 2003). The question posed by the City's motion is whether any fact alleged in the complaint suggests that plaintiff did not have time to exhaust his administrative remedies before he was transferred to State custody on June 4, 2008. Only such an allegation could "nudge" his contention that he was not required to exhaust from "conceivable" to "plausible."

The answer to the question is no.

Plaintiff does not allege a single fact that would explain why he was unable to exhaust his claim of segregation without a due process hearing for the more than three months that he was held in administrative segregation.

Nor does he allege any fact tending to show that he was unable to exhaust his claim about the medical problems that resulted from his fall in the shower during the month and a half after his accident. While plaintiff complains of pain following the injury to his ankle, he does not contend that the pain was so debilitating as to prevent him from filing a grievance. Indeed, plaintiff's pleading says only that the bone spur hurt when he walked and caused him to lose sleep. Neither consequence should have prevented him from filing a grievance in the six or seven weeks between the date of his accident and the day he was transferred to the Adirondacks facility.

Therefore, all of plaintiff's claims are dismissed for failure to exhaust administrative remedies.

**Plaintiff Fails to State a Claim of Eighth Amendment Medical Indifference**

Any claim against the City for the slip and fall that resulted in plaintiff's ankle injury – a garden variety tort – is not cognizable under Section 1983 and must be litigated in state court, Young v. County of Fulton, 160 F. 3d 899, 902 (2d Cir. 1998). That means

6

any constitutional claim plaintiff might be trying to plead must relate to the medical care he received after the accident. The complaint fails to allege facts that would, if believed, make out an Eighth Amendment claim of inadequate medical treatment. Plaintiff does not allege any fact tending to show that he suffered from a "serious medical condition," defined as "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Couglin, 37 F. 3d 63, 66 (2d Cir. 1994). Furthermore, there are no allegations against medical personnel. Therefore, even if plaintiff was somehow prevented from exhausting his administrative remedy with respect to the injury to his foot, any Eighth Amendment claim has to be dismissed.

## Conclusion

The motion to dismiss the complaint is granted and the complaint is dismissed, with prejudice and without costs. The Clerk of the Court is directed to enter judgment for defendants and to close the file.

Dated: October 22, 2009

_____
U.S.D.J.

BY FIRST CLASS MAIL TO:

    Demarest Flowers, Plaintiff Pro Se
    DIN #08-A-3054
    Adirondack Correctional Facility
    PO Box 110
    Raybrook, NY 12977-0110

BY FAX TO:
    Assistant Corporation Counsel Lesley Berson
    (212) 788-0940

    Rocky Marmolejos, Pro Se Office
    (212) 805-0687